[No. 13961.   Department Two. — January 31, 1891.]

## C. W. HARVEY, RESPONDENT, *v.* J. L. HADLEY ET AL., APPELLANTS.

VENDOR AND PURCHASER — FRAUDULENT REPRESENTATIONS OF VENDOR — PROSPECTS AFFECTING VALUE OF LAND SOLD — MEASURE OF DAMAGES. — In estimating the damages to a vendee for fraudulent representations of the vendor in regard to prospects affecting the value of the land sold, where part only of the representations made are untrue, it is not proper to consider what would be the value of the land if all the representations made were untrue, nor what its value would be exclusive of an existing prospect, in respect to which the representations were partially false; but the difference should be taken between the price paid by reason of the false representations as to its value, supposing them to be true, and the actual value of the land at the time of purchase, in view of prospects actually existing.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*Wells, Guthrie & Lee,* and *J. A. Donnell,* for Appellants.

In actions for deceit or breach of warranty in sales of personalty or realty, the measure of damage is the difference between the actual value of the property at the time of purchase, and its value if the property had been what it was represented or warranted to be. (Bigelow on Frauds, ed. 1888, p. 627; *Estell* v. *Myers,* 56 Miss. 800–806; *Morse* v. *Hutchins,* 102 Mass. 439; Field on Damages, sec. 512; *Cooper* v. *Schlesinger,* 111 U. S. 148; *Woodward* v. *Thacher,* 21 Vt. 580; 52 Am. Dec. 73; *Muller* v. *Eno,* 14 N. Y. 597; *White* v. *Smith,* 54 Iowa, 233; *Markel* v. *Monday,* 11 Neb. 213; *Wright* v. *Roach,* 59 Me. 600; Sedgwick on Damages, 5th ed., 333, 655; *Foster* v. *Kennedy,* 38 Ala. 359; 81 Am. Dec. 56.) The findings show that this difference is five thousand dollars. The specific findings must control the general findings and the judgment. (*People* v. *Reed,* 81 Cal. 76; 15 Am. St. Rep. 22; *Geer* v. *Sibley,* 83 Cal. 1; *Overacre* v. *Blake,* 82 Cal. 77.)

*C. W. Pendleton,* and *Anderson, Fitzgerald & Anderson,* for Respondent.

The findings show that the real value of the property with the prospect then existing was five thousand dollars, and that the damage to defendant was three thousand dollars. The finding of value without such existing prospect cannot be considered.

VANCLIEF, C. — On July 8, 1887, the plaintiff and defendants entered into an agreement in writing, whereby the plaintiff agreed to sell to defendants a certain tract of land situate in the town site, or projected town, of Whittier, in the county of Los Angeles, for the sum of eight thousand dollars, three thousand dollars of which had been paid before the commencement of this action. For the residue (five thousand dollars) the defendants made their promissory note of even date with the con-

tract, payable on or before June 7, 1888, with interest at ten per cent per month, to be compounded semi-annually.

This action was brought to recover the amount due on the note, and to foreclose the vendor's lien upon the the land.

The defense is, that the defendants were induced to purchase the land by false and fraudulent representations of the plaintiff, to the damage of the defendants. The court found that plaintiff made the representations charged, and that the greater portion of them were false and fraudulent, to the damage of defendants in the sum of $3,000, and deducted this sum from the note, and rendered judgment for the plaintiff for the residue and interest, amounting to $2,595.

The defendants appeal from the judgment on the judgment roll, and contend that the finding of only three thousand dollars damages is inconsistent with the twelfth finding, by which, they say, it appears that the damages were five thousand dollars. This is the only point made, and to dispose of it in favor of the respondent, I think it is only necessary to read the twelfth finding in connection with the eighth and thirteenth findings.

The twelfth finding is as follows: " That the value of said land, without any prospect of a college or street-car line being built as represented by the plaintiff, and without any contract being let for the same, or either of them, was, at the time of the purchase, the sum of three thousand dollars; that if the contract for the building of said street-car line along Hadley Street to the southwest corner of said land to Painter Avenue had been let as represented by plaintiff, said land would have been at the time of the purchase of the market value of six thousand dollars; that if said plaintiff had in good faith intended to build said college, and the Quakers had agreed or determined to build said college, and the contract for building said street-car line had been let at the time of mak-

ing said contract, as represented by plaintiff, said land would then have been of the market value of eight thousand dollars; and that said land as it was, and with the prospect of the building of said college then existing, was of the market value of five thousand dollars."

The court here finds what would have been the value of the land at the time of purchase under four different conditions of facts: 1. In case all the representations of the plaintiff had been entirely false; 2. In case the representation as to the contract for building the street-car line had been true; 3. In case all the representations made by plaintiff had been true; and 4. The value of the land, "*as it was,* with the prospect of the building of the college *then existing,*" as appears in the eighth finding, wherein it is found "there were general rumors afloat and a prospect that said college would be built as stated by plaintiff."

The value of the property in the first two supposed cases is immaterial, even according to the rule of damages claimed by counsel for appellant, viz.: "The measure of damage is the difference between the *actual value* of the property *at the time of purchase,* and its value *if the property had been what it was represented or warranted to be.*" In order to estimate the damages by this rule, only the third and fourth branches of the twelfth finding are necessary. The third finds that if the property had been what it was represented to be, its value would have been eight thousand dollars. The fourth finds that the actual value of the property as it was at the time of purchase (one part of plaintiff's representations then being true) was five thousand dollars. Thereupon the court estimated defendant's damages to be three thousand dollars, the difference between these two valuations.

Counsel for appellants are mistaken in assuming that the court found the representations of plaintiff to have been entirely false. The court found that a part of plaintiff's representations as to the college was true, and

considered this in estimating the actual value of the property at the time of the purchase, but excluded it from the estimate (1), whereby the value was found to be three thousand dollars.

I think the judgment accords with the findings of fact, and that it should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.